Pearson, J.
 

 As the bond was taken at the instance of the defendants, it would be a matter of regret if, by reason of any defect or technical objection, it should fail to answer the purpose of' protecting the plaintiff. None of the many exceptions, however, are tenable.
 

 1st. We are satisfied, that, by a proper construction, the word “ others” was used in the sense of other persons, at whose instance executions were levied, and not in the sense that “ Jacob Hubbard and others” are plaintiffs in a single execution, for, to say nothing of the rule, that words are to be taken most strongly against the obligors, 'as the words are
 
 used by them,
 
 this restricted sense would make only their judgments, each within, the jurisdiction of a single Justice ; and yet, their negroes were levied on, and the penalty of the bond is $1500; which would make an inconsistency on the face of the bond. But further, the Statute does not require the executions to be particularly named and set forth in the bond — it is mere matter of recital, and, although the obligors may reasonably insist upon having the executions there set out, it is only as a precaution against the fraud of the officers, and because it will .operate as a restriction of their liability; but, like a recital in a Sheriff’s deed, it is not of “ the essence,” and the omission'to insert them does not impair the legal effect and validity of the instrument.
 

 2d. The return of the plaintiff was proper evidence as to the executions, that were in his hands and had been levied by him, at the date of the forthcoming bond. A constable, like a Sheriff, is a
 
 sworn
 
 officer, and his return is
 
 prima facie
 
 evidence, and is taken to be true, until dis-pi-oved.
 

 
 *232
 
 3d. Personal property is vested by the levy, in a constable or sheriff, for the purposes of the execution, and he has a right to go on and sell, after the return day, without any other writ. So, the fact, that the return day of several of the executions happened to be before the day on which, by the terms of the condition, the property was to be delivered, and it did not appear that new executions were taken out, could not have the effect of discharging the obligors; for the plaintiff had made himself liable to the creditors by his levy, and the property thereby vested in him, and gave him a right to require, that the defendants should deliver
 
 Ms property
 
 to him, and leave it forthcoming at the time agreed on.
 

 4th. The condition of the bond does conform to the Act of Assembly. No “form” is given in the Act, and our interpretation of it is, that the condition should be for the forthcoming of the property at the time and place of sale. Mr. Strange says, the words, “to answer the said executions,” ought to have been added, so as to give the obligors the right to pay up the-executions prior to the day of sale, and thereby save the condition of the bond. We apprehend a satisfaction of the executions would have precisely the same legal effect, -whether these words are added or not; this conclusion is confirmed by the fact, that they are not used in the Act of 1844,, and the condition, as expressed twice in that Statute, is simply for the forthcoming of the property on the day of sale,
 

 5th. To enable the plaintiff to maintain this action, it was not necessary for him to have paid the' amount of the executions to the plaintiff therein. Officers would not be disposed to take forthcoming bonds, if, upon default of the obligors, there was no right of action for damages, until the amount of the execution had been satisfied by the obli-gors. The taking of these bonds was not compulsory, anil
 
 *233
 
 sufch a construction would make it unreasonable
 
 to "expect
 
 any officer ever to take one', and the policy of the Statute, which was to induce officers to take them for the convenience of debtors, would have been completely frustrated.
 

 In pursuance of this policy, in 1822, an Act amending
 
 the Act
 
 of 1807, was passed, which provided a summary remedy on these bonds, at the next term of the County Court, on motion, for all such damages, as the “officer had sustained, or be
 
 “judged liable to sustain,”
 

 This remedy is cumulative, and no reason can be efcn- • jectured, why the officer may not recover in an action of debt, upon the same proof that will enable him to recover on motion.
 

 6th, The Act of 1844 makes it the duty of the officer to furnish the security with a list of the property levied on, This does not seem to be made, or intended to be, a condition precedent to the execution of the bond, so'that' the omission to do it, would not make the bond- void,’and of ño effect. We have given to the Statute much consideration, and have come to the conclusion that the meaning is simply to confer upon the security the right to require the officer to give him such a list, “ duly attested' under his hand and seal,” with the intent, that the property should thereby be deemed in the custody of the- security, as the bailee of' the officer, so as to enable him to prevént other officers from levying on it, and taking it a Way'. ■ This right the security may, of course, waive; and, if he does not see proper to require such a list to be furnished to him, he cannot afterwards take advantage of his own folly, as a ground on which to avoid
 
 his deed.
 

 Our conclusion in regard to the construction of this Statute, is fortified by considering the
 
 mischief,
 
 which it was the object of the Statute to remedy. It had been decided
 
 *234
 
 that, when the property was left in the possession of the debtor, another officer might make a levy and take it away( whereby the security on the forthcoming bond was unable, to deliver the property, and was fixed with the damages. Of course, it became difficult to procure securities upon a forthcoming bond; and therefore, the legislature, carrying out the same benevolent policy of the Act of 1822, inducing officers to take such bonds for the purpose of inducing others to become security: provided that the security should have a right to require the officer to give him a list of the property under his hand and seal, which would protect it against other officers, except that they might put their levies “ on the backs” of the former levies.
 

 7th. The fact that the negroes were afterwards levied •on and sold by the Sheriff, under executions of a teste anterior to the plaintiff's levy, has no tendency to mitigate the damages.
 
 “
 
 The teste anterior to the plaintiff’s levy” did not relieve him from liability to the creditors in whose favor he held the executions, which he
 
 had
 
 levied upon the negroes, and under which he had the right, and it was his •duty, to hold them, even against the Sherifij with executions ■of prior teste.
 

 This is his ground of complaint: “at your request, 1 did not take the negroes into my possession and keep them, as I had a right, and as in duty to the creditors, whose executions I had levied, I was bound to do. If I had done so, .the Sheriff had no power to touch them: they are not forthcoming, according to the condition of your bond, upon .whom shall the loss lie .
 

 ■ Pbk Cueiam. Judgment affirmed.